**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

BERTONY MICHEL,

    Plaintiff,

v.

GREEN EGGS CAFÉ RESTAURANT
MANAGEMENT & DESIGN d/b/a GREEN
EGGS CAFE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, BERTONY MICHEL, (herein referred to as "Plaintiff" or "MICHEL"), by and through his undersigned attorney, hereby files this Complaint against GREEN EGGS CAFÉ RESTAURANT MANAGEMENT & DESIGN, (hereinafter, "Defendant" or "GREEN EGGS CAFE"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise

1

to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff MICHEL is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff MICHEL was employed by Defendant as a Cook. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a foreign corporation organized and existing in Pennsylvania with its principal place of business in Pennsylvania and authorized to do business in Florida. Defendant operates three restaurants in the Philadelphia area and one in Aventura. Specifically, Plaintiff worked in Florida and all the actions complained of herein took place within the Southern District of Florida.

7. Defendant GREEN EGGS CAFE is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, GREEN EGGS CAFE is a restaurant and its employees, including MICHEL, regularly handled goods which were transported across state lines.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant GREEN EGGS CAFE, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant GREEN EGGS CAFE was the "employer" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. Plaintiff worked for Defendant from December 2014 through January 2017. There may have been an approximately two month window in 2015 where Plaintiff worked fewer hours resulting from a disciplinary matter.

14. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

15. Based on the information currently available to Plaintiff, MICHEL was paid in a variety of ways. In 2015 and the beginning of 2016, Plaintiff was paid a weekly salary of $550/$600. In the remainder of 2016 and January 2017, Plaintiff was paid an hourly rate of $11/$12 at different times.  He was paid every two weeks.

16. MICHEL regularly worked between 50-60 hours per week. He was normally scheduled five (5) days per week.

17. Plaintiff was generally scheduled to work either a ten or twelve hour shift beginning at 6am, five days a week. However, due to staffing issues and a busy restaurant,

Plaintiff was generally required to stay later than scheduled. On the ten hour days, Plaintiff estimates his average departure time was between 430-500pm and about 615pm on the twelve hour days.

18.     Defendant had no time clock or other means of tracking employee time during the two plus years Plaintiff was employed. While Plaintiff's 2016/2017 pay stubs reflect some overtime, the hours are understated because Plaintiff never received credit for more than ten hours in a daily shift, and frequently was capped at eighty hours paid over a two week pay period without regard to the number of hours actually performed.

19.     Defendant also frequently "clocked out" Plaintiff, or directed Plaintiff to do the same, prior to the end of his shift though Plaintiff was required to continue working.

20.     Defendant frequently paid Plaintiff a lower amount of wages than that to which he was entitled.

21.     Plaintiff frequently complained to management that he was not being properly compensated for his overtime worked and that his checks were short wages. Plaintiff was ultimately terminated for making these complaints.

22.     Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23.     Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24.     Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA / OVERTIME

26. Plaintiff re-alleges and re-avers paragraphs 1–25 as fully set forth herein.

27. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

28. Specifically, MICHEL worked approximately 50-60 hours during each work week in which he was employed, but his pay was only to compensate him for forty (40) hours a week of regular work.

29. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was not a bona fide executive, administrative, professional employee, nor primarily participating in outside sales. Plaintiff performed manual labor tasks, did not have decision-making authority, and his primary duty was to cook.

30. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

31. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MICHEL demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF FLSA / MINIMUM WAGE

34. Plaintiff re-alleges and re-avers paragraphs 1–25, as fully set forth herein.

35. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for some of the hours worked for Defendants.

36. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

37. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MICHEL requests judgment for:

    a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

    b) Interest on the amount found due;

    c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d) A jury trial on all issues so triable;

    e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    f) Such other relief as the Court deems just and proper.

### COUNT III – FLSA RETALIATION

38. Plaintiff re-alleges and re-avers paragraphs 1 – 25 as fully set forth herein.

39. Before he was terminated, Plaintiff repeatedly complained to his supervisors that he was not being properly compensated because his paychecks did not reflect overtime worked.

40. Plaintiff was terminated in January 2017 without valid cause.

41. Plaintiff was terminated because of his complaints regarding the nonpayment of overtime, as provided in ¶ 21 above. Defendant's reasons for terminating Plaintiff are pretextual. Defendant fired Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

42. The Defendant showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for his FLSA complaints.

43. By reason of the foregoing acts of the Defendant, Plaintiff has suffered damages and he is entitled to liquidated damages.

**WHEREFORE**, Plaintiff MICHEL hereby demands judgment against Defendant for:

a. Damages allowable for FLSA retaliation;

b. Liquidated damages;

c. Jury trial on all issues so triable;

d. Interest;

e. Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f. Any other relief this court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff MICHEL demands trial by jury for all issues contained herein so triable by law.

Dated: June 26, 2017

> **EISS MASSILLON, P.L.**
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 308
> Plantation, Florida 33324
> (954) 914-7890 (Telephone)
> (855) 423-5298 (Facsimile)
>
> By: **/s/ Charles Eiss**
> CHARLES M. EISS, Esq.
> Fla. Bar #612073
> Chuck@eissmassillon.com
> LINDSAY M. MASSILLON, Esq.
> Fla. Bar #92098
> Lindsay@eissmassillon.